IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| U.S. Ethernet Innovations, LLC,<br><br>                Plaintiff,<br><br>    vs.<br><br>Texas Instruments Incorporated; Brother International Corporation; and Canon U.S.A., Inc.,<br><br>                Defendants. | Civil Action File<br><br>No. 6:11cv-491<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff U.S. Ethernet Innovations, LLC ("USEI") hereby makes this Complaint for patent infringement against Defendants Texas Instruments Incorporated; Brother International Corporation; and Canon U.S.A., Inc., (collectively, "Defendants"), respectfully showing the Court as follows:

### NATURE OF THE ACTION

1.    Plaintiff USEI is a Tyler, Texas-based company that is the successor-in-interest to 3Com Corporation's Ethernet business, based on fundamental Ethernet technology developed by 3Com in the 1990s.  USEI owns United States Patent Nos. 5,732,094 (the "'094 Patent"), 5,434,872 (the "'872 Patent"), 5,299,313 (the "'313 Patent"), and 5,307,459 (the "'459 Patent").

2. Defendants have made, used, imported, and/or sold and/or continue to make, use, import, and/or sell the technology claimed by the '094 Patent, the '872 Patent, the '313 Patent, and the '459 Patent in systems and methods without USEI's permission.

3. Plaintiff USEI seeks damages for Defendants' infringement of the '094 Patent, the '872 Patent, the '313 Patent, and the '459 Patent.

## PARTIES

4. Plaintiff USEI is a Texas limited liability corporation. USEI's principal place of business is in Tyler, Texas.

5. On information and belief, Texas Instruments Incorporated ("TI") is a corporation organized and existing under the laws of Delaware, with a principal place of business at PO Box 650311 MS 3999, Dallas, Texas 75265. TI can be served with process through its registered agent, Joseph F. Hubach, 7839 Churchill Way, MS 3999, Dallas, Texas 75251.

6. On information and belief, Brother International Corporation ("Brother") is a corporation organized and existing under the laws of Delaware, with a principal place of business at 100 Somerset Corporate Boulevard, Bridgewater, New Jersey 08807. Brother can be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inc., 211 E. 7th Street, Suite 620, Austin, Texas 78701.

- 3 -

7. On information and belief, Canon U.S.A., Inc. ("Canon") is a corporation organized and existing under the laws of New York, with a principal place of business at One Canon Plaza, Lake Success, New York 11042. Canon can be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inc., 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

8. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. Venue is proper in this judicial district because each Defendant is a corporation subject to personal jurisdiction in this judicial district, 28 U.S.C. §§ 1391(b)-(c).

11. Defendants, and each of them, are subject to this Court's specific and general personal jurisdiction consistent with the principles of due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (1) a portion of the infringements alleged herein, including making, using, importing, selling, and/or offering to sell products and systems that infringe the claims of the '094 Patent, the '872 Patent, the '313 Patent, and/or the '459 Patent; (2) the presence of established distribution channels in this forum; and (3)

regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

## **PATENTS-IN-SUIT**

12. The '094 Patent, entitled "Method for Automatic Initiation of Data Transmission," was duly and legally issued on March 24, 1998 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Brian Petersen, David R. Brown, and W. Paul Sherer. A true and correct copy of the '094 Patent is attached hereto as Exhibit A.

13. The '872 Patent, entitled "Apparatus for Automatic Initiation of Data Transmission," was duly and legally issued on July 18, 1995 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Brian Petersen, David R. Brown, and W. Paul Sherer. A true and correct copy of the '872 Patent is attached hereto as Exhibit B.

14. The '313 Patent, entitled "Network Interface with Host Independent Buffer Management," was duly and legally issued on March 29, 1994 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Brian Petersen, W. Paul Sherer, David R. Brown, and Lai-Chin Lo. A true and correct copy of the '313 Patent is attached hereto as Exhibit C.

15. The '459 Patent, entitled "Network Adapter with Host Indication Optimization," was duly and legally issued on April 26, 1994 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Brian Petersen, W. Paul Sherer, David R. Brown, and Lai-Chin Lo.  A true and correct copy of the '459 Patent is attached hereto as Exhibit D.

16. USEI is the sole owner of the entire right, title, and interest in the '094 Patent, the '872 Patent, the '313 Patent, and the '459 Patent (collectively, the "Patents-in-Suit") by virtue of assignment, including all rights necessary to prosecute this case and collect all damages, past, present and future, resulting from Defendants' infringement.

## ACCUSED PRODUCTS

17. TI imports, makes, uses, offers for sale, and/or sells certain products and devices which embody one or more claims of the Patents-in-Suit, including, without limitation, products employing Ethernet technology similar to that found in the AM3517 system-on-chip and the TMS320DM6467T system-on-chip (collectively, the "TI Accused Products").

18. Brother imports, makes, uses, offers for sale, and/or sells certain products and devices which embody one or more claims of the Patents-in-Suit, including, without limitation, products employing Ethernet technology similar to that found in the MFC-9420CN network printer, the TD-4100N network printer,

and the HL-6050DN network printer (collectively, the "Brother Accused Products").

19. Canon imports, makes, uses, offers for sale, and/or sells certain products and devices which embody one or more claims of the Patents-in-Suit, including, without limitation, products employing Ethernet technology similar to that found in the VB-M40 network camera (the "Canon Accused Products").

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,732,094

20. USEI restates and realleges the allegations set forth in paragraphs 1 through 19 of this Complaint and incorporates them by reference.

21. Without a license or permission from USEI, TI has infringed and continues to infringe one or more claims of the '094 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the TI Accused Products, in violation of 35 U.S.C. § 271.

22. TI directly contributes and induces infringement through supplying infringing systems and components to TI customers. TI's customers who purchase systems and components thereof and operate such systems and components thereof in accordance with TI's instructions directly infringe one or more claims of the '094 Patent, in violation of 35 U.S.C. § 271.

23. The acts of infringement of the '094 Patent by TI has caused damage to USEI, and USEI is entitled to recover from TI the damages sustained by USEI as a result of the wrongful acts of TI in an amount subject to proof at trial.  The infringement of USEI's exclusive rights under the '094 Patent by TI will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

24. TI has had actual or constructive knowledge of the '094 Patent, yet continues to infringe said patent.  The infringement of the '094 Patent by TI is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

25. Without a license or permission from USEI, Brother has infringed and continues to infringe one or more claims of the '094 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Brother Accused Products, in violation of 35 U.S.C. § 271.

26. Brother directly contributes and induces infringement through supplying infringing systems and components to Brother customers.  Brother's customers who purchase systems and components thereof and operate such

systems and components thereof in accordance with Brother's instructions directly infringe one or more claims of the '094 Patent, in violation of 35 U.S.C. § 271.

27. The acts of infringement of the '094 Patent by Brother has caused damage to USEI, and USEI is entitled to recover from Brother the damages sustained by USEI as a result of the wrongful acts of Brother in an amount subject to proof at trial.  The infringement of USEI's exclusive rights under the '094 Patent by Brother will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

28. Brother has had actual or constructive knowledge of the '094 Patent, yet continues to infringe said patent.  The infringement of the '094 Patent by Brother is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

29. Without a license or permission from USEI, Canon has infringed and continues to infringe one or more claims of the '094 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Canon Accused Products, in violation of 35 U.S.C. § 271.

30. Canon directly contributes and induces infringement through supplying infringing systems and components to Canon customers. Canon's customers who purchase systems and components thereof and operate such systems and components thereof in accordance with Canon's instructions directly infringe one or more claims of the '094 Patent, in violation of 35 U.S.C. § 271.

31. The acts of infringement of the '094 Patent by Canon has caused damage to USEI, and USEI is entitled to recover from Canon the damages sustained by USEI as a result of the wrongful acts of Canon in an amount subject to proof at trial. The infringement of USEI's exclusive rights under the '094 Patent by Canon will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

32. Canon has had actual or constructive knowledge of the '094 Patent, yet continues to infringe said patent. The infringement of the '094 Patent by Canon is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT II
### INFRINGEMENT OF U.S. PATENT NO. 5,434,872

33. USEI restates and realleges the allegations set forth in paragraphs 1 through 32 of this Complaint and incorporates them by reference.

34. Without a license or permission from USEI, TI has infringed and continues to infringe one or more claims of the '872 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the TI Accused Products, in violation of 35 U.S.C. § 271.

35. TI directly contributes and induces infringement through supplying infringing systems and components to TI customers. TI's customers who purchase systems and components thereof and operate such systems and components thereof in accordance with TI's instructions directly infringe one or more claims of the '872 Patent, in violation of 35 U.S.C. § 271.

36. The acts of infringement of the '872 Patent by TI has caused damage to USEI, and USEI is entitled to recover from TI the damages sustained by USEI as a result of the wrongful acts of TI in an amount subject to proof at trial. The infringement of USEI's exclusive rights under the '872 Patent by TI will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

37. TI has had actual or constructive knowledge of the '872 Patent, yet continues to infringe said patent. The infringement of the '872 Patent by TI is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284

and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

38. Without a license or permission from USEI, Brother has infringed and continues to infringe one or more claims of the '872 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Brother Accused Products, in violation of 35 U.S.C. § 271.

39. Brother directly contributes and induces infringement through supplying infringing systems and components to Brother customers. Brother's customers who purchase systems and components thereof and operate such systems and components thereof in accordance with Brother's instructions directly infringe one or more claims of the '872 Patent, in violation of 35 U.S.C. § 271.

40. The acts of infringement of the '872 Patent by Brother has caused damage to USEI, and USEI is entitled to recover from Brother the damages sustained by USEI as a result of the wrongful acts of Brother in an amount subject to proof at trial. The infringement of USEI's exclusive rights under the '872 Patent by Brother will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

41. Brother has had actual or constructive knowledge of the '872 Patent, yet continues to infringe said patent. The infringement of the '872 Patent by Brother is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 5,299,313

42. USEI restates and realleges the allegations set forth in paragraphs 1 through 41 of this Complaint and incorporates them by reference.

43. Without a license or permission from USEI, TI has infringed and continues to infringe one or more claims of the '313 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the TI Accused Products, in violation of 35 U.S.C. § 271.

44. TI directly contributes and induces infringement through supplying infringing systems and components to TI customers. TI's customers who purchase systems and components thereof and operate such systems and components thereof in accordance with TI's instructions directly infringe one or more claims of the '313 Patent, in violation of 35 U.S.C. § 271.

45. The acts of infringement of the '313 Patent by TI has caused damage to USEI, and USEI is entitled to recover from TI the damages sustained by USEI as a result of the wrongful acts of TI in an amount subject to proof at trial. The infringement of USEI's exclusive rights under the '313 Patent by TI will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

46. TI has had actual or constructive knowledge of the '313 Patent, yet continues to infringe said patent. The infringement of the '313 Patent by TI is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

47. Without a license or permission from USEI, Brother has infringed and continues to infringe one or more claims of the '313 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Brother Accused Products, in violation of 35 U.S.C. § 271.

48. Brother directly contributes and induces infringement through supplying infringing systems and components to Brother customers. Brother's customers who purchase systems and components thereof and operate such

systems and components thereof in accordance with Brother's instructions directly infringe one or more claims of the '313 Patent, in violation of 35 U.S.C. § 271.

49. The acts of infringement of the '313 Patent by Brother has caused damage to USEI, and USEI is entitled to recover from Brother the damages sustained by USEI as a result of the wrongful acts of Brother in an amount subject to proof at trial. The infringement of USEI's exclusive rights under the '313 Patent by Brother will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

50. Brother has had actual or constructive knowledge of the '313 Patent, yet continues to infringe said patent. The infringement of the '313 Patent by Brother is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 5,307,459

51. USEI restates and realleges the allegations set forth in paragraphs 1 through 50 of this Complaint and incorporates them by reference.

52. Without a license or permission from USEI, Brother has infringed and continues to infringe one or more claims of the '459 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or

selling products and devices which embody the patented invention, including, without limitation, one or more of the Brother Accused Products, in violation of 35 U.S.C. § 271.

53.     Brother directly contributes and induces infringement through supplying infringing systems and components to Brother customers.  Brother's customers who purchase systems and components thereof and operate such systems and components thereof in accordance with Brother's instructions directly infringe one or more claims of the '459 Patent, in violation of 35 U.S.C. § 271.

54.     The acts of infringement of the '459 Patent by Brother has caused damage to USEI, and USEI is entitled to recover from Brother the damages sustained by USEI as a result of the wrongful acts of Brother in an amount subject to proof at trial.  The infringement of USEI's exclusive rights under the '459 Patent by Brother will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

55.     Brother has had actual or constructive knowledge of the '459 Patent, yet continues to infringe said patent.  The infringement of the '459 Patent by Brother is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, USEI prays for the following relief against Defendants:

A. A judgment that Defendants, as set forth above, have directly infringed the '094 Patent, the '872 Patent, the '313 Patent, and/or the '459 Patent; contributorily infringed the '094 Patent, the '872 Patent, the '313 Patent, and/or the '459 Patent; and/or induced infringement of the '094 Patent, the '872 Patent, the '313 Patent, and/or the '459 Patent;

B. An award of all damages recoverable under the laws of the United States and the laws of the State of Texas in an amount to be proven at trial;

C. An award of treble damages pursuant to 35 U.S.C. § 284 against Defendants as a result of Defendants' willful infringement;

D. A preliminary, and thereafter permanent, injunction enjoining and restraining Defendants, their officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '094 Patent, as set forth herein;

E. A preliminary, and thereafter permanent, injunction enjoining and restraining Defendants, their officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing,

contributorily infringing, and inducing the infringement of the '872 Patent, as set forth herein;

  F. A preliminary, and thereafter permanent, injunction enjoining and restraining Defendants, their officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '313 Patent, as set forth herein;

  G. A preliminary, and thereafter permanent, injunction enjoining and restraining Defendants, their officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '459 Patent, as set forth herein;

  H. A judgment and order requiring Defendants, and each of them, to pay USEI pre-judgment and post-judgment interest on the full amounts of the damages awarded;

  I. A judgment requiring Defendants, and each of them, to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285, with prejudgment interest; and

  J. Such other and further relief as this Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands that all issues so triable be determined by a jury.

Respectfully submitted, this 15th day of September, 2011.

        WARD & SMITH LAW FIRM

        /s/ John Ward, Jr.
        T. John Ward, Jr.
        (State Bar No. 00794818)
        P. O. Box 1231
        Longview, Texas 75606-1231
        (903) 757-6400 (telephone)
        (903) 757-2323 (fax)
        jw@wsfirm.com

        and

        ROBBINS GELLER RUDMAN
          & DOWD LLP
        John C. Herman
        Ryan K. Walsh
        Peter M. Jones
        David L. Gann
        3424 Peachtree Street, N.E.
        Monarch Centre, Suite 1650
        Atlanta, Georgia 30326
        (404) 504-6500 (telephone)
        (404) 504-6501 (facsimile)
        jherman@rgrdlaw.com
        rwalsh@rgrdlaw.com
        pjones@rgrdlaw.com
        dgann@rgrdlaw.com

        Attorneys for Plaintiff,
        U.S. Ethernet Innovations, LLC