IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC, § § Plaintiff, § § v. § § TEXAS INSTRUMENTS INCORPORATED, ET AL. § § Defendants. § | CIVIL ACTION NO: 6:11-CV-491 JURY TRIAL DEMANDED |

**DEFENDANT TEXAS INSTRUMENTS INCORPORATED'S
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
TO PLAINTIFF U.S. ETHERNET INNOVATIONS, LLC'S
COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Texas Instruments Incorporated ("TI") hereby files this Answer, Affirmative Defenses and Counterclaims to Plaintiff U.S. Ethernet Innovations, LLC's ("U.S. Ethernet" or "Plaintiff") Complaint for Patent Infringement as follows:

**NATURE OF THE ACTION**

1. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, therefore, denies them.

2. Denied.

3. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, therefore, denies them.

**THE PARTIES**

4.     TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, therefore, denies them.

5.     TI admits to the allegations contained within paragraph 5.

6.     The allegations of paragraph 6 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and therefore denies them.

7.     The allegations of paragraph 7 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore denies them.

**JURISDICTION AND VENUE**

8.     TI admits that the Complaint includes a claim of patent infringement that arises under the laws of the United States, 35 U.S.C. § 101 *et seq.*

9.     TI admits that this Court has subject matter jurisdiction over this action.

10.    Solely with respect to TI, TI admits that venue is proper under 28 U.S.C. §§ 1391(b)-(c).

11.    Solely with respect to TI, TI admits that this Court has personal jurisdiction over TI. TI denies the remaining allegations contained in paragraph 11.

**THE PATENT-IN-SUIT**

12.    TI admits that, on its face, Exhibit A appears to be United States Patent No. 5,792,094 ("the '094 patent"), entitled "Method for Automatic Initiation of Data Transmission," issued on March 24, 1998, and assigned to 3Com Corporation ("3Com"). TI

is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12, and therefore denies them.

13. TI admits that, on its face, Exhibit B appears to be United States Patent No. 5,434,872 (the '872 patent"), entitled "Apparatus for Automatic Initiation of Data Transmission", issued on July 18, 1995, and assigned to 3Com. TI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13, and therefore denies them.

14. TI admits that, on its face, Exhibit C appears to be United States Patent No. 5,299,313 ("the '313 Patent"), entitled "Network Interface with Host Independent Buffer Management," issued on March 29, 1994, and assigned to 3Com. TI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14, and therefore denies them.

15. TI admits that, on its face, Exhibit D appears to be United States Patent No. 5,307,459 (the "'459 Patent"), entitled "Network Adapter with Host Indication Optimization," issued on April 26, 1994, and assigned to 3Com. TI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15, and therefore denies them.

16. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and therefore denies them.

## ACCUSED PRODUCTS

17. TI admits that it imports, makes, uses, offers for sale, and/or sells products with parts numbers AM3517 and TMS320DM6467T. TI denies the remaining allegations contained in paragraph 17.

18. The allegations of paragraph 18 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and therefore denies them.

19. The allegations of paragraph 19 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore denies them.

## COUNT ONE
## (Patent No. 5,732,094)

20. TI repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 19 above.

21. TI denies the allegations contained in paragraph 21 and denies that it has infringed and continues to infringe one or more claims of the '094 Patent, directly, contributorily, and/or by inducement.

22. TI denies the allegations contained in paragraph 22 and denies that it directly contributes and induces its customers to infringe one or more claims of the '094 Patent.

23. TI denies the allegations contained in paragraph 23 and denies that U.S. Ethernet has been damaged by any acts of TI. TI further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining TI from committing infringing acts.

24. TI denies the allegations contained in paragraph 24.

25. The allegations of paragraph 25 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25, and therefore denies them.

26. The allegations of paragraph 26 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26, and therefore denies them.

27. The allegations of paragraph 27 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, and therefore denies them.

28. The allegations of paragraph 28 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28, and therefore denies them.

29. The allegations of paragraph 29 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29, and therefore denies them.

30. The allegations of paragraph 30 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30, and therefore denies them.

31. The allegations of paragraph 31 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31, and therefore denies them.

32. The allegations of paragraph 32 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32, and therefore denies them.

## COUNT TWO
### (Patent No. 5,434,872)

33. TI repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 32 above.

34. TI denies the allegations contained in paragraph 34 and denies that it has infringed and continues to infringe one or more claims of the '872 Patent, directly, contributorily, and/or by inducement.

35. TI denies the allegations contained in paragraph 35 and denies that it directly contributes and induces its customers to infringe one or more claims of the '872 Patent.

36. TI denies the allegations contained in paragraph 36 and denies that U.S. Ethernet has been damaged by any acts of TI. TI further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining TI from committing infringing acts.

37. TI denies the allegations contained in paragraph 37.

38. The allegations of paragraph 38 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38, and therefore denies them.

39. The allegations of paragraph 39 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39, and therefore denies them.

40. The allegations of paragraph 40 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40, and therefore denies them.

41. The allegations of paragraph 41 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41, and therefore denies them.

## COUNT THREE
## (Patent No. 5,299,313)

42. TI repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 41 above.

43. TI denies the allegations contained in paragraph 43 and denies that it has infringed and continues to infringe one or more claims of the '313 Patent, directly, contributorily, and/or by inducement.

44. TI denies the allegations contained in paragraph 44 and denies that it directly contributes and induces its customers to infringe one or more claims of the '313 Patent.

45. TI denies the allegations contained in paragraph 45 and denies that U.S. Ethernet has been damaged by any acts of TI. TI further denies that it has committed or will commit any infringing acts and denies the necessity of the Court's restraining TI from committing infringing acts.

46. TI denies the allegations contained in paragraph 46.

47. The allegations of paragraph 47 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47, and therefore denies them.

48. The allegations of paragraph 48 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48, and therefore denies them.

49. The allegations of paragraph 49 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49, and therefore denies them.

50. The allegations of paragraph 50 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50, and therefore denies them.

## COUNT FOUR
### (Patent No. 5,307,459)

51. TI repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 50 above.

52. The allegations of paragraph 52 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52, and therefore denies them.

53. The allegations of paragraph 53 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53, and therefore denies them.

54. The allegations of paragraph 54 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54, and therefore denies them.

55. The allegations of paragraph 55 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55, and therefore denies them.

### **PLAINTIFF'S PRAYER FOR RELIEF**

TI denies that Plaintiff is entitled to any of requested relief against TI.

## DEMAND FOR JURY TRIAL

There are no allegations of fact contained in this paragraph and therefore no answer is required.

## AFFIRMATIVE DEFENSES

TI's Affirmative Defenses are provided below. TI reserves the right to amend its Answer to add additional Affirmative Defenses.

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

56. TI has not and does not directly or indirectly (such as by inducement or contributory infringement) infringe any of the claims of U.S. Patent Nos. 5,732,094, 5,434,872 and 5,299,313 ("patents-in-suit") either literally or under the Doctrine of Equivalents.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

57. Each of the claims of the patents-in-suit are invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability as set forth in 35 U.S.C § 1 *et seq.,* including, but not limited to §§ 100, 101, 102, 103 and 112.

### THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

58. U.S. Ethernet is estopped from construing any valid claim of the patents-in-suit to be infringed literally or by the Doctrine of Equivalents due to prosecution history estoppel, including but not limited to admissions or statements made to the United States Patent and Trademark Office ("USPTO") during prosecution of the patents in suit or because of the disclosure or language of the specification or claims thereof.

**FOURTH AFFIRMATIVE DEFENSE**
**(Failure to Mark – Actual Notice)**

59. To the extent that U.S. Ethernet, or any predecessors in interest to the patents-in-suit failed to properly mark any of their relevant products as required by 35 U.S.C. §287 or otherwise give proper notice that TI's actions actually infringed the patents-in-suit, TI is not liable to U.S. Ethernet for the acts alleged to have been performed before TI received notice that it was infringing the patents-in-suit.

**FIFTH AFFIRMATIVE DEFENSE**
**(Limitation on Damages)**

60. Any claim by U.S. Ethernet for damages are limited under 35 U.S.C. §§ 286 or 287.  U.S. Ethernet is barred under 35 U.S.C. § 287 from recovering damages prior to the date of the filing of the Original Complaint.  U.S. Ethernet is barred by 35 U.S.C. § 288 from recovering costs associated with their action.

**SIXTH AFFIRMATIVE DEFENSE**
**(License, Patent Exhaustion)**

61. U.S. Ethernet's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to TI or are imported, sold by, offered for sale by, made by, or made for, any entity or entities having express or implied licenses to the patents-in-suit and/or (ii) under the doctrine of patent exhaustion.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Injunctive Relief)**

62. U.S. Ethernet is not entitled to any injunctive relief as demanded because any injury to U.S. Ethernet is neither immediate nor irreparable, U.S. Ethernet has adequate remedies at law.

## EIGHTH AFFIRMATIVE DEFENSE
### (Laches, Equitable Estoppel, Waiver)

63. U.S. Ethernet's claims are barred, in whole or in part, by the doctrine of laches, equitable estoppels and/or waiver.

## **COUNTERCLAIMS**

TI asserts the following declaratory relief counterclaims against U.S. Ethernet:

## PARTIES

64. Defendant and Counterclaimant Texas Instruments Incorporated ("TI") is a Delaware corporation having its principal place of business in Dallas, Texas.

65. Upon information and belief, U.S. Ethernet Innovations, LLC ("U.S. Ethernet") is a Texas limited liability company having its principal place of business in Longview, Texas.

## JURISDICTION AND VENUE

66. This Court has jurisdiction over TI's Declaratory Judgment claims pursuant to 28 U.S.C. §§ 2201-2202 and subject matter jurisdiction over patent infringement and validity pursuant to 28 U.S.C. §§ 1331 and 1338(a). An actual, substantial, and continuing justiciable controversy exists between TI and U.S. Ethernet based on U.S. Ethernet having filed a Complaint against TI alleging infringement of U.S. Patent Nos. 5,732,094, 5,434,872 and 5,299,313 ("patents-in-suit"), with respect to which TI requires a declaration of its rights by this Court. Specifically, the controversy concerns the invalidity and noninfringement of the patents-in-suit and the right of U.S. Ethernet to maintain suit for alleged infringement of the patents-in-suit.

67. The Court has personal jurisdiction over U.S. Ethernet, inter alia, because U.S. Ethernet has submitted to the personal jurisdiction of this Court by filing the Complaint here.

68. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and 1400(b), inter alia, because U.S. Ethernet has submitted to the venue of this Court by filing its Complaint here.

## FIRST COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

69. TI has not directly or indirectly infringed, contributed to or induced infringement of any valid or enforceable claim of the patents-in-suit, and has not otherwise committed any acts in violation of 35 U.S.C. §271.

70. An actual controversy exists between TI and U.S. Ethernet based on U.S. Ethernet having filed its Complaint against TI alleging infringement the patents-in-suit.

71. TI has been injured and damaged by U.S. Ethernet filing its Complaint asserting a patent that TI does not infringe.

72. TI therefore seeks a declaration that it has not infringed, and does not infringe, literally or under the doctrine of equivalents, directly or indirectly, and valid and enforceable claim of the patents-in-suit.

73. This is an exceptional case entitling TI to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. §285.

## SECOND COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY)

74. The patents-in-suit are invalid for failing to meet the conditions for patentability as set forth in 35 U.S.C. §§ 100, 101, 102, 103 and 112.

75. An actual controversy exists between TI and U.S. Ethernet based on U.S. Ethernet having filed its Complaint against TI alleging infringement the patents-in-suit.

76. TI has been injured and damaged by U.S. Ethernet filing its Complaint asserting an invalid patent.

77. TI therefore seeks a declaration that the patents-in-suit are invalid for failing to meet the conditions for patentability as set forth in 35 U.S.C. § 1 *et seq*

78. This is an exceptional case entitling TI to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. §285.

79. TI continues to investigate this matter and reserves the right to amend its Answer and/or Counterclaims to assert any additional defenses or counterclaims that come to light upon further investigation and discovery.

## **PRAYER FOR RELIEF**

WHEREFORE TI prays that:

80. the Court dismiss the Complaint against TI with prejudice;

81. the Court declare that TI has not infringed and does not infringe U.S. Patent Nos. 732,094, 5,434,872 and 5,299,313;

82. the Court declare that U.S. Patent Nos. 732,094, 5,434,872 and 5,299,313 are invalid;

83. the Court declare that U.S. Ethernet is not entitled to any remedy or relief whatsoever against TI;

84. the Court award TI its costs, together with reasonable attorneys fees and all of its expenses for this suit because this is an exceptional case under 35 U.S.C. §285; and

85. the Court award TI such other relief as this Court may deem just and proper.

                Respectfully submitted,

By: *Amanda A. Abraham*
Carl R. Roth
cr@rothfirm.com
Brendan C. Roth
br@rothfirm.com
Amanda A. Abraham
aa@rothfirm.com
THE ROTH LAW FIRM, P.C.
115 N. Wellington, Suite 200
Marshall, Texas 75670
Telephone: (903) 935-1665
Facsimile: (903) 935-1797

**ATTORNEYS FOR DEFENDANT**
**TEXAS INSTRUMENTS INCORPORATED**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 4th day of November, 2011. Any other counsel of record will be served by facsimile transmission and/or first class mail.

*Amanda A. Abraham*
AMANDA A. ABRAHAM