**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| U.S. ETHERNET INNOVATIONS, LLC, | § § § | |
| Plaintiff, | § § | CASE NO. 6:11-CV-00491-LED |
| v. | § § § | Jury Trial Demanded |
| TEXAS INSTRUMENTS INCORPORATED *et al.*, | § § § § | |
| Defendants. | § | |

**DEFENDANT CANON U.S.A., INC.'S ANSWER AND AFFIRMATIVE DEFENSES IN RESPONSE TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Canon U.S.A., Inc. ("Canon U.S.A.") hereby answers the Complaint For Patent Infringement (the "Complaint") filed by plaintiff U.S. Ethernet Innovations, LLC ("USEI") as follows:

**Nature Of The Action**

1. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 1 of the Complaint and therefore denies those allegations.

2. Canon U.S.A. denies the allegations contained in Paragraph 2 of the Complaint as to Canon U.S.A. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 2 of the Complaint as to the other defendants and therefore denies those allegations.

3. Paragraph 3 of the Complaint recites a request for relief to which no responsive pleading is required. To the extent a response is deemed to be required, Canon U.S.A. denies the allegations contained in Paragraph 3 of the Complaint as to itself.

**Parties**

4. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 4 of the Complaint and therefore denies those allegations.

5. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 5 of the Complaint and therefore denies those allegations.

6. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 6 of the Complaint and therefore denies those allegations.

7. Canon U.S.A. admits the allegations in paragraph 7 of the Complaint.

**Jurisdiction And Venue**

8. Canon U.S.A. admits that this is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*, but denies that there has been infringement.

9. Canon U.S.A. admits that this Court has subject matter jurisdiction over USEI's allegations pursuant to 28 U.S.C. §§ 1331 and 1338(a), but denies the merits of the claims asserted against it.

10. Canon U.S.A. admits that venue is technically proper in this judicial district as to Canon U.S.A., but denies having committed any wrongful acts upon which venue is allegedly

based and further denies that this is the appropriate forum to address Plaintiff's claims against Canon. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in 10 of the Complaint as to the other defendants and therefore denies those allegations.

11. Canon U.S.A. admits that it is subject to personal jurisdiction in this district. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 11 of the Complaint as to the other defendants and therefore denies those allegations, and further denies that there has been infringement.

### **Patents-In-Suit**

12. Canon U.S.A. admits that U.S. Patent No. 5,732,094 (the "'094 Patent") is entitled "Method for Automatic Initiation of Data Transmission" and was issued on March 24, 1998 to 3Com Corporation. Canon U.S.A. also admits that the patent names Brian Petersen, David R. Brown, and W. Paul Sherer as inventors. Canon U.S.A. further admits that a copy of the '094 Patent is attached to the Complaint as Exhibit A. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 12 of the Complaint and therefore denies the allegations.

13. Canon U.S.A. admits that U.S. Patent No. 5,434,872 (the "'872 Patent") is entitled "Apparatus for Automatic Initiation of Data Transmission" and was issued on July 18, 1995 to 3Com Corporation. Canon U.S.A. also admits that the patent names Brian Petersen, David R. Brown, and W. Paul Sherer as inventors. Canon U.S.A. further admits that a copy of the '872 Patent is attached to the Complaint as Exhibit B. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 13 of the Complaint and therefore denies the allegations.

14. Canon U.S.A. admits that U.S. Patent No. 5,299,313 (the "'313 Patent") is entitled "Network Interface with Host Independent Buffer Management" and was issued on March 29, 1994 to 3Com Corporation. Canon U.S.A. also admits that the patent names Brian Petersen, David R. Brown, Lai-Chin Lo, and W. Paul Sherer as inventors. Canon U.S.A. further admits that a copy of the '313 Patent is attached to the Complaint as Exhibit C. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 14 of the Complaint and therefore denies the allegations.

15. Canon U.S.A. admits that U.S. Patent No. 5,307,459 (the "'459 Patent") is entitled "Network Adapter with Host Indication Optimization" and was issued on April 26, 1994 to 3Com Corporation. Canon U.S.A. also admits that the patent names Brian Petersen, David R. Brown, W. Paul Sherer, and Lai-Chin Lo as inventors. Canon U.S.A. further admits that a copy of the '459 Patent Is attached to the Complaint as Exhibit D. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 15 of the Complaint and therefore denies the allegations.

16. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 16 of the Complaint and therefore denies those allegations. Canon U.S.A. also denies the merits of the claims asserted against it.

## Accused Products

17. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 17 of the Complaint and therefore denies those allegations.

18. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 18 of the Complaint and therefore denies those allegations.

19. Canon U.S.A. denies the allegations in paragraph 19.

## Count I

### Infringement Of U.S. Patent No. 5,732,094

20. Canon U.S.A. restates and incorporates by reference its responses to the allegations in paragraphs 1 - 19 of the Complaint.

21. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 21 of the Complaint and therefore denies those allegations.

22. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 22 of the Complaint and therefore denies those allegations.

23. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 23 of the Complaint and therefore denies those allegations.

24. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 24 of the Complaint and therefore denies those allegations.

25. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 25 of the Complaint and therefore denies those allegations.

26. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 26 of the Complaint and therefore denies those allegations.

27. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 27 of the Complaint and therefore denies those allegations.

28. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 28 of the Complaint and therefore denies those allegations.

29. Canon U.S.A. denies the allegations in paragraph 29.

30. Canon U.S.A. denies the allegations in paragraph 30.

31. Canon U.S.A. denies the allegations in paragraph 31.

32. Canon U.S.A. denies the allegations in paragraph 32.

## Count II

### Infringement Of U.S. Patent No. 5,434,872

33. Canon U.S.A. restates and incorporates by reference its responses to the allegations in paragraphs 1 - 32 of the Complaint.

34. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 34 of the Complaint and therefore denies those allegations.

35. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 35 of the Complaint and therefore denies those allegations.

36. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 36 of the Complaint and therefore denies those allegations.

37. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 37 of the Complaint and therefore denies those allegations.

38. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 38 of the Complaint and therefore denies those allegations.

39. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 39 of the Complaint and therefore denies those allegations.

40. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 40 of the Complaint and therefore denies those allegations.

41. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 41 of the Complaint and therefore denies those allegations.

## Count III

## Infringement Of U.S. Patent No. 5,299,313

42. Canon U.S.A. restates and incorporates by reference its responses to the allegations in paragraphs 1 - 41 of the Complaint.

43. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 43 of the Complaint and therefore denies those allegations.

44. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 44 of the Complaint and therefore denies those allegations.

45. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 45 of the Complaint and therefore denies those allegations.

46. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 46 of the Complaint and therefore denies those allegations.

47. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 47 of the Complaint and therefore denies those allegations.

48. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 48 of the Complaint and therefore denies those allegations.

49. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 49 of the Complaint and therefore denies those allegations.

50. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 50 of the Complaint and therefore denies those allegations.

## Count IV

### Infringement Of U.S. Patent No. 5,307,459

51. Canon U.S.A. restates and incorporates by reference its responses to the allegations in paragraphs 1 - 50 of the Complaint.

52. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 52 of the Complaint and therefore denies those allegations.

53. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 53 of the Complaint and therefore denies those allegations.

54. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 54 of the Complaint and therefore denies those allegations.

55. Canon U.S.A. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 55 of the Complaint and therefore denies those allegations.

## Prayer For Relief

Canon U.S.A. denies that USEI is entitled to any relief against Canon U.S.A.

Unless expressly admitted above, Canon U.S.A. denies any and all allegations contained in the Complaint.

**Demand For Jury Trial**

Canon U.S.A. admits that USEI requests a trial by jury.

**CANON U.S.A.'S AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

**(Noninfringement)**

56. Canon U.S.A. is not infringing and has not infringed, either directly, contributorily, or by inducement, any claim of the '094 Patent, either literally or under the doctrine of equivalents.

**Second Affirmative Defense**

**(Invalidity)**

57. On information and belief, all of the claims of the '094 Patent are invalid for failure to comply with one or more of the requirements under Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 256.

**Third Affirmative Defense**

**(License)**

58. On information and belief, some or all of Canon U.S.A's activities are covered by an express and/or implied license to the '094 Patent through licenses, granted by USEI or USEI's predecessors in interest, to third parties who supply certain products to Canon U.S.A.

**Fourth Affirmative Defense**

**(Patent Exhaustion)**

59. On information and belief, USEI or USEI's predecessors in interest has exhausted its right to assert patent infringement against Canon U.S.A. under the '094 Patent by licensing it to third parties.

### Fifth Affirmative Defense

### (Laches)

60. On information and belief, USEI is barred in whole or in part from asserting the '094 Patent against Canon U.S.A. by the equitable doctrines of laches.

### Sixth Affirmative Defense

### (Notice)

61. USEI's ability to recover from Canon U.S.A. is limited by 35 U.S.C. §§ 286-288.

### PRAYER FOR RELIEF

Wherefore, Canon U.S.A. respectfully requests that this Court enter judgment in its favor that:

(a) Canon U.S.A. is not infringing and has not infringed any claim of the '094 Patent;

(b) All claims of the '094 Patent are invalid;

(c) USEI's claims are dismissed in their entirety with prejudice;

(d) USEI shall take nothing by way of its Complaint;

(e) This is an exceptional case and awarding Canon U.S.A. its reasonable attorney fees pursuant to 35 U.S.C. § 285 and any other applicable statutes, rules, or laws;

(f) Awarding Canon U.S.A. its costs, and such additional relief as the Court may deem just and proper under the circumstances.

Dated: November 7, 2011

Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
Texas Bar No. 00789886
FINDLAY CRAFT, LLP
6760 Old Jacksonville Highway, Suite 101
Tyler, Texas 75703
Tel: (903) 534-1100
Fax: (903) 534-1137
efindlay@findlaycraft.com

Joseph A. Calvaruso (*Pro Hac Vice* pending)
Rodger A. Sadler
Richard Martinelli (*Pro Hac Vice* pending)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W 52nd St.
New York, New York 10019
Tel.: (212) 506-5000
Fax: (212) 506-5151
jcalvaruso@orrick.com
rsadler@orrick.com
rmartinelli@orrick.com

ATTORNEYS FOR DEFENDANT CANON U.S.A., INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this **DEFENDANT CANON U.S.A., INC.'S ANSWER AND AFFIRMATIVE DEFENSES IN RESPONSE TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**, *via* the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 7th day of November 2011.

*/s/ Eric H. Findlay*
Eric H. Findlay