IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| U.S. ETHERNET INNOVATIONS, LLC, <br>     Plaintiff, <br><br> v. <br><br> TEXAS INSTRUMENTS <br> INCORPORATED, <br>     Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CASE NO. 6:11-CV-491-MHS-JDL <br><br> JURY TRIAL DEMANDED |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Summary Judgment of Invalidity of U.S. Patent 5,530,874 ("the '874 Patent") Based on the Statutory "On Sale Bar." (6:12-cv-235, Doc. No. 511) ("MOTION"). Plaintiff U.S. Ethernet Innovations LLC ("USEI") has responded (6:12-235, Doc. No. 555) ("RESPONSE") and Defendants have replied (6:12-cv-235, Doc. No. 577) ("REPLY"). For the reasons stated below, the Court **DENIES** the Motion.

## BACKGROUND

As a preliminary matter, the Court does not regard Texas Instruments Incorporated (TI) as a party to the instant Motion. As noted above, the Motion was only filed in the 6:12-cv-235 case,[1] and was not filed in TI's 6:11-cv-491 case. Given that all parties in the 6:12-cv-235 case have resolved their disputes with USEI, the instant Motion is now moot. Moreover, while TI signed onto the filing of the initial Motion filed in 6:12-cv-235, TI did not sign on to Defendant's Reply. *See* 6:12-cv-235, Doc. No. 577. Accordingly, the extent of TI's involvement with the

---
[1] The consolidated defendants who signed onto the instant Motion in 6:12-cv-235 were Epson America, Inc., STMicroelectronics, Inc.; Freescale Semiconductor, Inc.; Xerox Corporation; Ricoh Americas Corporation; Samsung Electronics Co., LTD; Samsung Electronics America, Inc.; Samsung Telecommunications America, LLC; and Samsung Austin Semiconductor, LLC. Following some settlements, only Freescale Semiconductor, Inc. ("Freescale"), STMicroelectronics, Inc., and Xerox Corporation remained in the 6:12-cv-235 when the instant Motion was filed. TI was never consolidated into 6:12-cv-235, and has been the lone defendant in its own 6:11-cv-491 case since April 11, 2012.

instant Motion appears to be signing on to it as filed in 6:12-cv-235 and filing a letter brief requesting leave to file a motion addressing the on-sale bar in its own case (6:11-cv-491, Doc. No. 203), which was identical to a letter brief filed in 6:12-cv-235 (6:12-cv-235, Doc. No. 448), which the Court granted. *See* 6:11-cv-491, Doc. No. 217 at 2 (granting 6:11-cv-491, Doc. No. 203). Accordingly, because TI failed to partake in the Motion by filing a copy in its own case following the Court's grant of leave to file a single joint motion, and because TI failed to sign on to the Reply which was only filed in 6:12-cv-235, and because all parties in the 6:12-cv-235 case have settled, the Motion is **DENIED** as to TI. Moreover, even if TI had properly participated in the instant Motion, there are unresolved factual issues which make granting summary judgment inappropriate.

The instant Motion moves for summary judgment of invalidity of claims 1, 6, 23, 26, 29 and 30 (the "Asserted Claims") of the '874 Patent under 35 U.S.C. § 102(b) on the basis that "over a dozen of the products [USEI] claimed Freescale infringes — including the accused 68HC11 product family and specifically the accused 68HC11E9 — were sold, offered for sale, on public display and in the public use significantly more than one year before the inventors filed the patent application leading to the '874 [P]atent." RESPONSE at 1; MOTION at 1. Specifically, the Motion alleges that "USEI claimed in its [Local Patent Rule] 3-1 Disclosures that Freescale infringe the '874 [P]atent via the use of" the 68HC11 product family. MOTION at 2-3.

## LEGAL STANDARD

I.  **Summary Judgment Standard**

Summary judgment is appropriate in a patent case, as in other cases, when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Nike Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644, 646 (Fed. Cir. 1994); FED. R. CIV. P.

56(c). The moving party bears the initial burden "of informing the district court of the basis for its motion, and identifying [the matter] which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the nonmoving party must then set forth "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

## II. Invalidity

Patents are presumed valid and overcoming this presumption requires clear and convincing evidence. *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1354 (Fed. Cir. 2010) (*en banc*). The on-sale bar applies when "the invention was . . . on sale in this country, more than one year prior to the date of the application for the patent in the United States." 35 U.S.C. § 102(b). A patent is invalid as anticipated due to the on-sale bar if, prior to one year before the date of patent application, the claimed invention was ready for patenting and was the subject of a commercial sale or offer for sale. *Pfaff v. Wells Elecs., Inc.*, 525 U.S. 55, 67 (1998). Anticipation requires the presence in the prior art of each and every limitation of the claimed invention. *Amgen, Inc. v. Hoffman-La Roche Ltd.*, 580 F.3d 1340, 1366 (Fed. Cir. 2009).

## **ANALYSIS**

USEI's Response correctly explains that the Motion does "not argue that the 68HC11 product family meets each and every limitation of the Asserted Claims[, and that r]ather than attempt to meet their heavy burden, Defendants instead try to employ a procedural 'gotcha' to avoid having this case decided on the merits." RESPONSE at 1. Nowhere in the Motion or Reply are facts alleged that the 68HC11 product family meets each and every limitation of the Asserted Claims. *See* MOTION at 1–19 (nowhere averring any actual facts that the 68HC11 product family features each and every limitation of the Asserted Claims, but instead arguing merely that the

68HC11 product family was accused, charted, and then withdrawn from contention.); REPLY at 3 (declining to argue that the 68HC11 product family features each and every limitation of the Asserted Claims based on the misapplication of *Evans Cooling Sys. Inc. v. General Motors Corp.* and *Vanmoor v. Wal-Mart Stores, Inc.*); *see Evans Cooling Sys. Inc. v. General Motors Corp.*, 125 F.3d 1448 (Fed. Cir. 1997); *Vanmoor v. Wal-Mart Stores, Inc.* 201 F.3d 1363 (Fed. Cir. 2000).

Instead of arguing that the 68HC11 product family meets each and every limitation of the Asserted Claims, TI attempts to shortcut its evidentiary burden by erroneously citing *Evans Cooling Sys. Inc. v. General Motors Corp.* and *Vanmoor v. Wal-Mart Stores, Inc.* for the proposition that "[t]he defendant's burden to prove that the device anticipated the patented invention is met by the patentee's own allegations of infringement which serve as a *binding* admission that satisfies the accused infringer's burden to patentee's accusations of infringement serve as a binding admission that satisfies the accused infringer's burden to prove invalidity by anticipation with clear and convincing evidence." REPLY at 3 (citing *Gammino v. Spring Commc'n Co. L.P.*, No. 10–2493, 2011 WL 3240830, at *2 (E.D. Pa. 2011) (providing only that in "rare cases [where] the 'entire basis of the patent infringement claim' is the patentee's contention that an accused device infringed his patents" does "essentially, the patentee's accusations of infringement serve as a binding admission that satisfies the accused infringer's burden to prove invalidity by anticipation with clear and convincing evidence.")) (emphasis added). As a preliminary matter, TI has acknowledged that USEI's infringement contentions were permissibly withdrawn, and are therefore are not "binding." REPLY at 1 (acknowledging that USEI has "avoided its admission concerning the accused Freescale 68HC11 products by claiming it 'inadvertently' named the products in its September 21 Infringement Contentions,"

4

which were withdrawn). Moreover, USEI correctly points out that *Evans Cooling Sys. Inc.* and *Vanmoor* are plainly inapplicable in the instant case precisely because USEI does not accuse the 68HC11 product family of infringement. SURREPLY at 2 (correctly noting that *Evans Cooling Sys. Inc.* and *Vanmoor* stood for the proposition that "a defendant cannot argue a product contains each and every element of the patented invention for infringement purposes, but that the same product does not contain each and every element of the patented invention for invalidity purposes."); *see Evans Cooling Sys. Inc.*, 125 F.3d at 1451 ("[T]he entire basis of the lawsuit [was] the patentee's—contention that the LT1 engine—the device that was put on sale—contain[ed] a cooling system that infringe[d]."); *Vanmoor,* 201 F.3d at 1366 ("[T]he entire basis of the patent infringement claim [was] the patentee's[] contention that the accused cartridges infringe[d]."). USEI does not contend that the 68HC11 product family infringe. SURREPLY at 2. Accordingly, TI's reliance on *Evans Cooling Sys. Inc.* and *Vanmoor* to satisfy its evidentiary burden is misplaced. Therefore, TI has failed to show by clear and convincing evidence that the 68HC11 product family meets each and every limitation of the Asserted Claims. Accordingly, the Motion for Summary Judgment of Invalidity of the '874 Patent Based on the Statutory "On Sale Bar" is **DENIED** because TI has failed to show by clear and convincing evidence that the 68HC11 product family meets each and every limitations of the Asserted Claims.

## CONCLUSION

For the reasons discussed more thoroughly above, the Motion for Summary Judgment of Invalidity of the '874 Patent Based on the Statutory "On Sale Bar" is **DENIED**.

**It is SO ORDERED.**

**SIGNED this 3rd day of April, 2014.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE