IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC | § |
| | § |
| | §   Case No. 6:11-cv-491 |
| v. | § |
| | § |
| TEXAS INSTRUMENTS INCORPORATED | § |

## MEMORANDUM OPINION

On June 11, 2014, the Court issued a Preliminary Order (Doc. No 383) that **GRANTED** Defendant's Motion for the Application of Judicial Estoppel. The Court now issues this memorandum opinion.

In this patent case, the Court bifurcated the issues of patent infringement and validity of the patents. The invalidity trial proceeded in April 2014, and the jury found the patents to be not invalid. Defendant now seeks to prevent Plaintiff U.S. Ethernet Innovations, LLC from presenting a position in the upcoming infringement trial that is inconsistent with Plaintiff's position during the validity trial.

Having considered the parties' arguments and the applicable law, the Court finds that applying judicial estoppel is necessary to prevent Plaintiff from prevailing on validity by relying on one argument and relying on a contradictory argument in the infringement phase.

### Background

Plaintiff U.S. Ethernet Innovations, LLC (USEI) accuses Defendant Texas Instruments Incorporated (TI) of infringing three of USEI's patents: U.S. Patent Nos. 5,434,872, 5,732,094, and 5,530,874 (the '874 Patent). The patents in suit claim methods and apparatuses intended to increase the efficacy of Ethernet communication.

Just weeks before the invalidity trial, TI asked the Court to construe the term "selectively masking" to prevent Plaintiff from advancing inconsistent positions in the invalidity and infringement trials. The asserted claims of the '874 Patent require that interrupt signals be selectively masked as they pass through a mask or memory. The parties disputed whether selective masking requires the interrupt signal to have the same number of bits before passing through a mask or memory as the number of bits it has after passing through the mask or memory.

During the summary judgment briefing, Plaintiff defended its infringement claims by arguing that the '874 Patent does not require a one-to-one correspondence between the number of bits in and the number of bits out (Cause No. 6:12-cv-235, Doc. 556 at 6–10).[1] But according to TI, Plaintiff planned to offer a contrary position during the invalidity trial. Thus, TI urged the Court to clarify whether the '874 Patent requires one-to-one bit correspondence between the bits in and the bits out by construing the term "selectively masking."

The Court declined TI's request to construe the term in view of the parties' earlier agreement to apply the plain and ordinary meaning of "selectively masking." But the Court instructed the parties that TI could reurge the issue after the invalidity trial if it appeared that Plaintiff would present an inconsistent position during the infringement trial.

During the invalidity trial, the parties presented conflicting evidence regarding whether the '874 Patent requires a one-to-one correspondence between the number of bits in and the

---

[1] This action proceeded in tandem with a related case, Cause No. 6:12-cv-235. Based on the parties' agreement, TI and the consolidated defendants in Cause No. 6:12-cv-235 planned to jointly try the invalidity case. But at the eve of trial, the remaining defendants in the 6:12-cv-235 action settled. Plaintiff's position related to the one-to-one correspondence was set forth in response to a motion for summary judgment filed by one of the settling defendants. The defendant in the 6:12-cv-235 action filed a motion for summary judgment of non-infringement, arguing its accused product lacked a one-to-one correspondence.

number of bits out of the mask or memory. Defendant's expert testified that the '874 Patent did not require a one-to-one correspondence. Contradicting its earlier summary judgment briefing, Plaintiff's expert specifically distinguished prior art references on the basis that the prior art lacked a one-to-one correspondence. The jury adopted Plaintiff's position and returned a verdict finding the '874 Patent to be not invalid (Doc. No. 344). Defendant now reurges its argument that Plaintiff's invalidity and infringement positions cannot be reconciled.

### **Legal Standard**

"Judicial estoppel 'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.'" *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). Judicial estoppel is a matter left to the discretion of the Court. *See In re Tex. Wyo. Drilling, Inc.*, 647 F.3d 547, 550 (5th Cir. 2011).

Courts generally consider three factors when applying judicial estoppel. *New Hampshire*, 532 U.S. at 750. "First, a party's later position must be 'clearly inconsistent' with its earlier position." *Id.* Second, courts consider whether the party succeeded in persuading the court to accept its earlier position, such that an inconsistent position in a later proceeding would create the perception that either the first or second court was misled. *Id.* Third, courts consider "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 751.

### **Analysis**

TI argues that Plaintiff's position at the invalidity trial regarding whether the '874 Patent requires a one-to-one correspondence of the number of bits in and the number of bits out contradicts Plaintiff's infringement position. Because Plaintiff prevailed in the invalidity trial, TI argues that it would be inequitable to allow Plaintiff to advance a conflicting position during the infringement trial. Thus, TI asks the Court to preclude Plaintiff from advancing a contrary

position during the infringement trial. Plaintiff counters that its invalidity and infringement positions are consistent with one another.

As to the first factor, Defendant points to the testimony of Plaintiff's invalidity expert, Dr. Thomas Conte. Defendant notes that Dr. Conte distinguished several prior art references from the claims of the '874 Patent on the basis that the prior art did not include a one-to-one correspondence between the bits in and the bits out. But Plaintiff disputes that Dr. Conte testified that the '874 Patent requires a one-to-one correspondence.

Having reviewed the trial transcript, the Court rejects Plaintiff's characterization of Dr. Conte's testimony. Dr. Conte testified that selectively masking requires a one-to-one correspondence between bits in and bits out (Apr. 10, 2014 AM Tr. at 81:18–20, 88:7–11). Based on his opinion of what it means to selectively mask, Dr. Conte distinguished Defendant's asserted prior art because it lacked a one-to-one correspondence (Apr. 10, 2014 AM Tr. at 84:14–18). Dr. Conte did so repeatedly. (Apr. 10, 2014 AM Tr. at 81:2–20, 82:2–83:2, 83:9–84:8).

Plaintiff points to Dr. Conte's testimony during cross examination to argue that his opinion did not read a one-to-one correspondence requirement into the claims of the '874 Patent. During cross-examination, Defendant directed Dr. Conte to reconcile his opinion (that selectively masking requires a one-to-one correspondence) with a figure in the '874 Patent's specification that lacks a one-to-one correspondence (Apr. 10, 2014 AM Tr. at 88:2–89:19, 90:14–91:17). While Dr. Conte agreed that the figure could be viewed as lacking a one-to-one correspondence, he did not take this position. Instead, he explained why he believed the figure included a one-to-one correspondence of the bits in and bits out (Apr. 10, 2014 AM Tr. at 89:20–

89:22). Thus, Dr. Conte never abandoned his opinion that selectively masking requires a one-to-one correspondence.

The Court finds that Dr. Conte testified that selectively masking—a required element in the claims of the '874 Patent—requires a one-to-one correspondence and used that requirement to distinguish Defendant's asserted prior art. After hearing this testimony, the jury adopted Plaintiff's position and found the '874 Patent not invalid.

Furthermore, this position plainly contradicts Plaintiff's infringement theory. In its summary judgment briefing on infringement, Plaintiff—relying on the opinion of its infringement expert—repeatedly argued that selectively masking does not require a one-to-one correspondence (Cause No. 6:12-cv-235, Doc. 556 at 6–10). Plaintiff has never claimed that its summary judgment position has been mischaracterized or improperly limited.

Accordingly, the Court finds that Plaintiff persuaded the invalidity jury to adopt a position that clearly contradicts its construction of selectively masking in the infringement context.

As to the second factor, the Court notes that claim terms must be construed the same for both invalidity and infringement. "It is axiomatic that claims are construed the same way for both invalidity and infringement." *Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1330 (Fed. Cir. 2003). Because the jury in the invalidity trial adopted Plaintiff's position of a one-to-one correspondence requirement, the Court finds that allowing a contradictory argument at the infringement trial would create the perception that the first jury was misled. *See Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001).

As to the third factor, due to the bifurcation of invalidity and infringement, Plaintiff could argue its contradictory constructions to each jury without the risk of appearing

inconsistent. But, as noted earlier, "[i]t is axiomatic that claims are construed the same way for both invalidity and infringement." *Amgen*, 314 F.3d at 1330. Thus, both the equitable and legal considerations are implicated by Plaintiff's contradictory constructions of selectively masking. In view of those considerations, the Court finds that Plaintiff would derive an unfair advantage if it is allowed to argue contradictory positions to the two juries. *See New Hampshire*, 532 U.S. at 751.

Having considered the each of the factors applicable to judicial estoppel, the Court finds that they weigh in favor of applying judicial estoppel. Accordingly, Plaintiff cannot be permitted to take a position at the infringement trial that is clearly inconsistent with the position it took at the invalidity trial.

## Conclusion

For the reasons stated more thoroughly above, the Court applies judicial estoppel to prevent Plaintiff from prevailing on validity by relying on one argument and relying on a contradictory argument in the infringement phase.

Consistent with the Court's Order and Opinion, it is further **ORDERED** that Plaintiff be held to its validity expert's interpretation of "selectively masking" (requiring a one-to-one correspondence between bits input to a mask or memory location and bits output) for the infringement trial and that Plaintiff may not offer testimony inconsistent with that interpretation of "selectively masking" in the infringement proceeding.

**It is SO ORDERED.**
**SIGNED this 15th day of June, 2014.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE