**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC, | ) |
| Plaintiff, | ) No. 6:11-cv-491-MHS-JDL |
| vs. | ) |
| TEXAS INSTRUMENTS INCORPORATED, | ) |
| Defendant. | ) |

**PLAINTIFF U.S. ETHERNET INNOVATIONS, LLC'S SUR-REPLY IN FURTHER
OPPOSITION TO DEFENDANT TEXAS INSTRUMENT INCORPORATED'S
<u>BRIEF ON THE APPLICABILITY OF COLLATERAL ESTOPPEL</u>**

I.      INTRODUCTION

Defendant Texas Instruments Incorporated ("TI") erroneously asserts that "USEI does not dispute that the touchstones for application of collateral estoppel exist here." Dkt. 482 at 1. As demonstrated in U.S. Ethernet Innovations, LLC's ("USEI's") Response, collateral estoppel is not appropriate here because the California action is not "prior litigation." Dkt. 480. TI's dismissal of this critical factor in the collateral estoppel analysis as merely "an issue of sequencing" ignores both controlling precedent and the policies behind the doctrine.

TI's flawed attempt to use collateral estoppel to seek the extraordinary relief of vacating this Court's prior final judgment regarding validity over the SONIC reference must fail. First, TI's premise – that Fifth Circuit law does not govern the application of collateral estoppel in this case – is rejected by the only case cited by TI to support its flawed argument. Moreover, Federal Circuit law does not appear to differ. In fact, the Federal Circuit case cited by TI rejects its position that Federal Circuit law applies in the sentence immediately following (yet conspicuously excised from) the language quoted by TI. Under controlling Fifth Circuit precedent, collateral estoppel does not allow a California district court's subsequent decision regarding the SONIC reference to reverse this Court's prior decision on that issue.

Even if Federal Circuit law applied to the question presented here, TI has now made three separate filings in support of its collateral estoppel argument, and has yet to cite to a single opinion – whether from an appellate or district court – in which a subsequent district court decision has been used to reverse an earlier district court decision regarding the exact same invalidity reference and arguments. Not one. Application of collateral estoppel under the unique facts presented here would cut against the policies behind the doctrine and result in undue prejudice to USEI.

1

## II. ARGUMENT

### A. Regional Circuit Law Governs The Application Of General Collateral Estoppel Principles, Like Finality Of Judgment.

It is well settled law that courts look to the law of the regional circuit when considering an issue of general collateral estoppel principles. *Abbott Labs. v. Andrx Pharms., Inc.*, 473 F.3d 1196, 1202 (Fed. Cir. 2007); *Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 435 F.3d 1356, 1359-60 (Fed. Cir. 2006). TI does not dispute that, under Fifth Circuit precedent, its argument for application of collateral estoppel fails under the facts of this case. As discussed in USEI's Response, this Court's judgment is final and cannot be undone by a later, contradictory judgment of another district court. *See* Dkt. 480 at IV.A.1; *Cycles, Ltd. v. Navistar Fin. Corp.*, 37 F.3d 1088, 1090 (5th Cir. 1994). In fact, this Court has cited to *Cycles* in applying collateral estoppel principles in a patent case, long after the Federal Circuit's decision in *Mendenhall v. Barber-Greene Co.*[1] *See Ameranth, Inc. v. Par Tech. Corp.*, No. 2:10-cv-294-DF-CE, 2011 U.S. Dist. LEXIS 105683, *4-5 (E.D. Tex. Aug. 16, 2011) (applying Fifth Circuit law in determining whether collateral estoppel applies in patent case).

Nonetheless, TI argues that Fifth Circuit law does not apply, quoting a single Federal Circuit case in support of its argument. *See* Dkt. 482 at 2. The sentence immediately following TI's quote from *Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, however, demonstrates that the case actually stands for the exact opposite proposition:

> Application of *Blonder-Tongue*, being an issue of patent law, is a matter within our exclusive jurisdiction and is hence subject to this court's law. ***However, because the application of general collateral estoppel principles, such as finality of judgment, is not a matter within the exclusive jurisdiction of this court, we must apply the law of the circuit in which district court here sits. . . .***

---

[1] 26 F.3d 1573 (Fed. Cir. 1994).

170 F.3d 1373, 1381 n.4 (Fed. Cir. 1999) (emphasis added).[2] Indeed, the Federal Circuit in *Pharmacia* consistently looked to Fourth Circuit law in determining the applicability of general collateral estoppel principles, including finality of judgment. *Id.* at 1381-82.

As mentioned above, there is no dispute that, under Fifth Circuit precedent, this Court's judgment is final, and a judgment "strong enough to preclude later inconsistent judgments [is] <u>a fortiori</u> strong enough to withstand preclusion by *inconsistent later* judgments." *Cycles,* 37 F.3d at 1090 (emphasis added). For this reason alone, TI's request for the application of collateral estoppel must be rejected.

### B. TI Fails to Cite a Single Case Applying Collateral Estoppel to the Facts of This Case.

Even under the Federal Circuit law cited by TI, TI's request for the application of collateral estoppel should be denied. This case has been fully litigated and final judgment has been entered. *See* Dkt. 453. Yet TI asks this Court to vacate its own judgment based upon a later decision of a sister district court which accepted an invalidity argument that this Court rejected. *See* Dkts. 299, 344. Again, this is not a situation where a subsequent district court finds a patent invalid based on a reference or argument not already considered and rejected by a prior district court, as seen in the cases cited by TI. *See, e.g., Mendenhall,* 26 F.3d at 1580 ("[T]his court did not 'overturn' its prior <u>Astec</u> rulings respecting validity by the <u>Cedarapids</u> judgment of invalidity, and it does not do so here…."); *see also Dana Corp. v. NOK, Inc.*, 882 F.2d 505 (Fed. Cir. 1989) (finding of invalidity made by Federal Circuit on appeal). In those

---

[2] Contrary to implications made throughout TI's reply, the narrow question decided by the Supreme Court in *Blonder-Tongue* was whether it should overturn its prior holding "that a determination of patent invalidity is not *res judicata* as against a patentee in subsequent litigation against a different defendant." *Blonder-Tongue Labs. v. Univ. of Ill. Found*, 402 U.S. 313, 317 (1971). In other words, *Blonder-Tongue* removed the "doctrine of mutuality" previously applied to questions of collateral estoppel in the context of patent invalidity. The Court did not speak to the issue presented here. *Id.* at 350 ("we intimate no views on the other issues presented."). Thus, for example, TI's unsupported assertions that "timing concerns are irrelevant to the *Blonder-Tongue* inquiry" lack merit. Dkt. 482 at 5.

3

cases, the prior court is not being "reversed"; it is simply enforcing an invalidity finding based on a reference or argument it did not consider. Here, TI asks this Court to reverse its specific finding that questions of fact exist regarding the validity of the patents in light of the SONIC reference (and the jury's ultimate finding that the SONIC reference does not anticipate the patents). TI has failed to present this Court with a single case applying collateral estoppel under such circumstances.[3]

*Mendenhall* – the case primarily relied upon by TI – presents unique issues that are plainly different than those presented here.[4] TI does not dispute that collateral estoppel was applied in the *Astec* action **before** the entry of final judgment. Dkt. 482 at 4. Instead, TI relies heavily on the fact that, in the *Barber-Greene* action, collateral estoppel was raised for the first time on appeal. However, TI fails to note that the district court in *Barber-Greene* was not reversing itself, as it ***never made a determination with regard to the validity of the patent***. Defendant *Barber-Greene* had agreed to be bound by the ultimate validity decision in the *Astec* action. *Mendenhall*, 26 F.3d at 1576, 1580 n.10 ("Barber-Greene agreed it was bound by the ultimate validity decision against its parent in Astec."). Thus, when collateral estoppel was applied prior to final judgment in the *Astec* action, defendant *Barber-Greene* was bound by that decision due to the party's prior agreement.[5]

---

[3] For the reasons set forth in USEI's Response, TI's reliance on *DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.* is likewise misguided. No. 2:12-cv-764-WCB-RSP, 2014 U.S. Dist. LEXIS 140715 (E.D. Tex. Oct. 3, 2014); *see* Dkt. 480 at 9.

[4] *Mendenhall v. Barber-Greene Co.* involves actions against three different defendants. 26 F.3d 1573, 1576 (Fed. Cir. 1994). The actions will be referred to herein as the *Astec, Barber-Greene,* and *Cedarapids* actions, respectively.

[5] *Dana Corp. v. NOK, Inc.* is likewise distinguishable. 882 F.2d 505 (Fed. Cir. 1989). In *Dana Corp.*, the patentee brought separate suits against defendants IPC Ltd. and NOK, Inc in the same district court. *Id.* at 506. In both cases the district court rejected defendants best mode argument and held the patent not invalid. *Id.* Defendant IPC Ltd. appealed this decision and the Federal Circuit ultimately reversed the validity holding, finding that the patent failed to comply with the best mode requirement. Defendant NOK, Inc. also appealed, and the Federal Circuit similarly reversed. *Dana Corp.*, unlike here, did not involve contradicting decisions of different district

As a result, neither *Mendenhall* nor any other case cited by TI supports the application of collateral estoppel in this case.

### C. The Court Has Discretion in Whether the Application of Collateral Estoppel Is Just and Equitable.

TI misses the point with regard to the Court's discretion in the context of applying collateral estoppel. It is undisputed that the Court has general discretion to determine whether the application of collateral estoppel is "just and equitable" based on the specific facts of the case. *Blonder-Tongue*, 402 U.S. at 334; *see also Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). Here, TI asks the Court to disregard its own findings with regard to validity, as well as the findings of a jury, and to accept a later contradictory decision reached by a sister district court based on the same prior art, same facts, and same arguments. TI provides no case law which suggests that this Court's judgment was incorrect, while the subsequent decision of another district court was correct. *Cycles*, 37 F.3d at 1090 ("[A] court is not compelled to revise its fully litigated decision by later inconsistent decisions of other courts."). The proper course would be for the Court to rule on the pending post-trial motions, and should TI chose to appeal, USEI should be permitted to undertake such an appeal with a valid jury verdict and judgment in its favor. *See, e.g., Wi-LAN USA, Inc. v. Ericsson, Inc.*, 574 Fed. Appx. 931 (Fed. Cir. 2014) (resolving contradictory decisions of two district courts without invoking collateral estoppel).

### III. CONCLUSION

For the reasons set forth above and in USEI's Response, TI's request for the application of collateral estoppel should be denied.

---

courts. Rather, much like the Court should do here, the district court allowed the Federal Circuit to ultimately decide the issue of validity on appeal.

Respectfully submitted, this 19th day of December, 2014.

           ROBBINS GELLER RUDMAN
             & DOWD LLP


           */s/ Robert J. Leonard*
           John C. Herman
           Ryan K. Walsh
           Peter M. Jones
           Robert J. Leonard
           Monarch Centre, Suite 1650
           3424 Peachtree Road, N.E.
           Atlanta, GA 30326
           (404) 504-6500 (telephone)
           (404) 504-6501 (fax)
           jherman@rgrdlaw.com
           rwalsh@rgrdlaw.com
           pjones@rgrdlaw.com
           rleonard@rgrdlaw.com

           and

           WARD & SMITH LAW FIRM
           T. John Ward, Jr.
           Wesley Hill
           P. O. Box 1231
           1127 Judson Rd., Ste. 220
           Longview, Texas 75606-1231
           (903) 757-6400 (telephone)
           (903) 757-2323 (fax)
           jw@wsfirm.com
           wh@wsfirm.com

           ATTORNEYS FOR PLAINTIFF
           U.S. ETHERNET INNOVATIONS, LLC

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 19, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

                                              */s/ Robert J. Leonard*
                                              Robert J. Leonard