# United States District Court
### EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC | § |
| | § |
| | §   Case No. 6:11-cv-491 |
| v. | § |
| | § |
| TEXAS INSTRUMENTS INCORPORATED | § |

### MEMORANDUM OPINION ON COLLATERAL ESTOPPEL

Currently before the Court is Defendant Texas Instruments Incorporated's Motion for the Application of Collateral Estoppel (Doc. No. 477).[1] The issue before the Court is whether the invalidation of the patents in suit by another court in a related litigation requires this Court to preclude Plaintiff from recovering infringement damages awarded by the jury. Having considered the parties' arguments and the applicable law, the Court **GRANTS** Defendant's motion.

### Background

In 2009, Plaintiff U.S. Ethernet Innovations, LLC (USEI) filed patent infringement claims against multiple defendants in this Court (Cause No. 6:09-cv-448). This Court then transferred those cases to the Northern District of California for the convenience of the parties and judicial economy pursuant to 28 U.S.C. § 1404 (Cause No. 6:09-cv-448, Doc. Nos. 310, 348). While litigation in the Northern District of California proceeded, USEI filed this case against Defendant Texas Instruments Incorporated (TI) in 2011.

Two jury trials were held this case in 2014. The first jury trial was from April 7, 2014 to April 11, 2014. As is relevant to the issue of collateral estoppel, the first jury returned a verdict finding that the asserted claims of U.S. Patent No 5,434,872 and U.S. Patent No. 5,732,094

---

[1] Unless otherwise indicated, all references to the docket are to docket entries in this case.

(collectively, "the Early Transmit Patents") were not invalid. The second jury trial was from June 16, 2014 to June 20, 2014. The second jury found that TI infringed the asserted claims of U.S. Patent No 5,434,872 and further awarded USEI $3,000,000.00 in damages for that infringement.

After rejecting Defendant's equitable defense of laches, this Court entered a Final Judgment in the case (Doc. No. 453). The Final Judgment, however, specifically noted that the Court was still considering the issues raised in the parties' post-verdict briefing (Doc. No. 453 at 2). A central issue raised in the post-verdict briefing was the validity of the Early Transmit Patents (Doc. Nos. 346, 421).

While this Court considered the parties' post-verdict briefing, the Northern District of California invalidated the Early Transmit Patents as anticipated by the same piece of prior art that was hotly contested by the parties in this case (Doc. No. 473-1 at 9–10, Northern District of California's Order on Summary Judgment Motions).[2] The Northern District of California then directed the clerk of its court to enter judgment in favor of the defendants in that action (Doc. No. 473-1 at 30).

After TI notified the Court of the Northern District of California's invalidation of the Early Transmit Patents (Doc. No. 473), the Court ordered the parties to brief the applicability of collateral estoppel in this case (Doc. No. 474).

## Legal Standard

Collateral estoppel, or issue preclusion, "prohibits a party from seeking another determination of the litigated issue in the subsequent action." *State Farm Mut. Auto. Ins. Co. v.*

---

[2] The intensity of the parties' dispute over the invalidating effect of the SONIC prior art reference is demonstrated by the sheer number of motions filed and orders entered regarding the dispute: Doc. Nos. 202, 219, 251, 298, 315, 323, 331, 335, 346, 421. This list does not include the repeated claim construction and *in limine* disputes raised throughout the course of this litigation aimed at securing similar relief.

*LogistiCare Solutions, LLC*, 751 F.3d 684, 689 (5th Cir. 2014) (quoting *United States v. Shanbaum*, 10 F.3d 305, 311 (5th Cir. 1994)). Because the application of general issue preclusion principles is not a matter within the exclusive jurisdiction of the Federal Circuit, this Court still applies the law of the circuit in which it sits, i.e., the Fifth Circuit. *Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*, 170 F.3d 1373, 1382 n.4 (Fed. Cir. 1999) (citing *Hartley v. Mentor Corp.*, 869 F.2d 1469, 1471 n. 1 (Fed. Cir. 1989)).

The Fifth Circuit applies issue preclusion where the following four conditions are satisfied: (1) the issue under consideration is identical to the issue litigated in a prior action; (2) the issue was fully and vigorously litigated; (3) the issue must have been necessary to support the judgment in the prior case; and (4) no special circumstances exist that render preclusion inappropriate or unfair. *LogistiCare Solutions*, 751 F.3d at 689 (quoting *Shanbaum*, 10 F.3d at 311). The Federal Circuit's law is similar. *Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, No. 2012-1649, 2015 WL 570715, at *2 (Fed. Cir. Feb. 12, 2015) (citing *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1366 (Fed. Cir. 2000)).

## Analysis

USEI presents only one argument against the application of issue preclusion in this case: This Court entered a judgment in this case before the Northern District of California invalidated the Early Transmit Patents. To support its argument, USEI relies on *Cycles, Ltd. v. Navistar Fin. Corp.*, 37 F.3d 1088, 1090 (5th Cir. 1994), a Fifth Circuit decision in a conversion action. Based on its reading of the *Cycles*, USEI contends that the Northern District of California's judgment is not a prior judgment for the purpose of issue preclusion.

But the reasoning of *Cycles* lacks force in this patent infringement case. In patent litigation, issue preclusion applies where a party is "facing a charge of infringement of a patent

that has once been declared invalid." *Blonder–Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 349–50 (1971). And the Federal Circuit has applied the defense of issue preclusion broadly in a number of procedural contexts that are at odds with *Cycles*. *See Soverain Software*, 2015 WL 570715 at *2 (collecting cases and describing the breadth of the Federal Circuit's application of issue preclusion). Thus, while *Cycles* held that it was erroneous to apply issue preclusion in procedural circumstances similar to this case, patent litigation presents concerns that were not present in *Cycles*. Those patent-specific concerns are within the jurisdiction of the Federal Circuit, and the Federal Circuit holds those concerns favor applying issue preclusion. *Compare Cycles*, 37 F.3d at 1090 (holding district court erroneously applied collateral estoppel because the "precluding judgment" came into existence after the district court entered its judgment) *with, e.g.*, *Mendenhall v. Barber–Greene Co.*, 26 F.3d 1573, 1583–84 (Fed. Cir. 1994) (invalidating decision rendered while the case in which issue preclusion was applied was on appeal).

Indeed, the Federal Circuit has stated—contrary to the reasoning of *Cycles*—that "our precedent holds that the defense of collateral estoppel based on a final judgment of patent invalidity in another suit can be timely made *at any stage of the affected proceedings*." *Mendenhall*, 26 F.3d at 1578–79 (emphasis added). The breadth of that statement is borne out by the Federal Circuit's application of issue preclusion. For example, the Federal Circuit has applied issue preclusion to cases already on appeal in several cases. *Soverain Software*, 2015 WL 570715, at *1 (invalidity decision at Federal Circuit issued while case on appeal); *Dana Corp. v. NOK, Inc.*, 882 F.2d 505, 508 (Fed. Cir. 1989) (same); *accord Mendenhall*, 26 F.3d at 1583–84. In view of the both the Federal Circuit's broad view of the applicability of issue preclusion and the variety of procedural postures it has applied issue preclusion, the Court finds that the

Northern District of California's judgment is a prior judgment for the purpose of issue preclusion. *See Mendenhall*, 26 F.3d at 1583–84.

Further, this case is also distinguishable from *Cycles* because this case was not fully litigated when the Northern District of California invalidated the Early Transmit Patents. That is because this Court's final judgment specifically reserved for consideration the same invalidity defense the Northern District of California resolved against USEI (Doc. No. 453 at 2). Thus, the Court could not simply execute its judgment when the Northern District of California invalidated the patents based on the same claim construction, prior art, and arguments that were still under consideration in this case. As such, the Court's judgment was not truly final. *See Cycles*, 37 F.3d at 1090–91. Therefore, the Court rejects USEI's position not only because the preclusive of effect of invalidity determinations is patent specific, but also because this case was not fully litigated when the Early Transmit Patents were invalidated.

Having rejected USEI's only challenge to the application of issue preclusion in this case, the Court finds that issue preclusion applies because (1) the challenge in this case to the Early Transmit Patent's validity is identical to the challenge in the Northern District of California that resulted in a determination that they are invalid; (2) the validity of Early Transmit Patents was fully and vigorously litigated; (3) the invalidity of the Early Transmit Patents was necessary to support the judgment in the Northern District of California; and (4) no special circumstances exist that render preclusion inappropriate or unfair in this case. *See LogistiCare Solutions*, 751 F.3d at 689 (quoting *Shanbaum*, 10 F.3d at 311); *accord Soverain Software*, 2015 WL 570715 at *2. Accordingly, USEI is precluded from recovering on the damages awarded for TI's infringement of U.S. Patent No. 5,434,872 because that patent has been declared invalid. *Blonder–Tongue*, 402 U.S. at 349–50.

**Conclusion**

For the reasons explained more thoroughly above, the Court **GRANTS** Defendant's Motion for the Application of Collateral Estoppel (Doc. No. 477).

**It is SO ORDERED.**

**SIGNED this 19th day of February, 2015.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE